UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Joel Dawaine Nelson,                    ) C/A No. 2:10-1898-CMC-RSC
                                        )
                    Plaintiff,          )
                                        )
                                        ) Report and Recommendation
vs.                                     )
                                        )
                                        )
Sgt. Huckabee; Chief Robert Ford;       )
Judge William E. Ackerman,              )
                                        )
                    Defendants.         )
_____)

        Plaintiff, proceeding *pro se*, brings this action pursuant to

42 U.S.C. § 1983.[1] Plaintiff is a detainee at Williamsburg County

Detention Center in Kingstree, SC.   The complaint names as

defendants officers of the detention center and a South Carolina

magistrate judge.   This case is subject to summary dismissal as

Plaintiff fails to state a claim upon which relief may be granted,

and attempts to sue an immune defendant.

                        *Pro Se* Review

        Under established local procedure in this judicial district,

a careful review has been made of the *pro se* complaint pursuant to

the procedural provisions of 28 U.S.C. § 1915A and the Prison

Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).

This review has been conducted in light of the following

precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

_____

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local
Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to
review such complaints for relief and submit findings and
recommendations to the District Court.

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

<u>Discussion</u>

Plaintiff, a pre-trial detainee, complains that he has been charged with the wrong crime, stating:

> ... BUT I'M IN HERE CHARGE FOR BURGLARY 2ND DEGREE WHEN MY WARRANT READS AND STATES, IN THE PART WHERE IT SPEAKS ON HOW THE CRIME WAS COMMITTED THAT I SHOULD OF BEEN CHARGED WITH AT LEAST AN ATTEMPTED BURGLARY, CLEARLY THAT I NOR MY CO-DEFENDANT GOT INTO THE HOUSE, BUT IT READS THAT WE TRIED TO ENTER THE HOUSE.

Complaint at 1. Plaintiff goes on to explain that he had no intention of breaking into any houses; yet, he was charged with burglary. The relief he seeks is for the Court to "PLEASE DO A FULL INVESTIGATION ON MY CASE AND I WANT TO FILE A LAWSUIT." Complaint at 4. Regarding the challenges to his charges and bond, Plaintiff has failed to state a claim under 42 U.S.C. § 1983.[2] To the extent that Plaintiff is challenging his imprisonment, his pleading is more appropriately construed pursuant to the federal habeas corpus statute, 28 U.S.C. § 2241.[3] Both statutes provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but "habeas corpus is the

---

[2]  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

[3]  Section 2241 permits a district court to grant to a prisoner a writ of habeas corpus if he "is in custody in violation of the Constitution or laws or treaties of the United States." Federal habeas corpus relief for a state prisoner is available post-conviction, but a *pretrial* petition for habeas corpus may be brought under § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Whether this case is construed as one filed pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 2241, Plaintiff cannot challenge his state criminal process at this time in this Court. Absent extraordinary circumstances, federal district courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53

4

(4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner* at 1336.

Even if this case were not otherwise subject to summary dismissal, the case against defendant Judge William E. Ackerman would fail as Judge Ackerman is absolutely immune from suit. As South Carolina Magistrate Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th

5

Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions"). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). As Defendant Ackerman was acting as a South Carolina Magistrate Judge when he set Plaintiff's bond, Judge Ackerman is immune from suit in the above-captioned civil rights action and is entitled to summary dismissal from this case.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint and the amended complaint in the above-captioned case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

_____
Robert S. Carr
United States Magistrate Judge

August _11_ , 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).